UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

NELSON P. CHERAMIE                                    *CIVIL ACTION NO. 6:09-0376

VS.                                                                    *JUDGE MELANCON

RODI MARINE, LLC., ET AL.                         *MAGISTRATE JUDGE HILL

### REPORT AND RECOMMENDATION

A Sanction Hearing was conducted by the undersigned Magistrate Judge on May 12, 2010 to address whether sanctions should be imposed pursuant to F.R.Civ.P. 16(f) against either, or both, former defense counsel, Michael John Deblanc, Jr., ("Deblanc") and/or plaintiff's counsel, Nicholas F. Larocca, Jr. ("Larocca").

The procedural history necessitating the Sanction Hearing is as follows. The Scheduling Order issued by this Court required the Rule 26(f) Report (the "Report") be jointly submitted to the offices of the undersigned on or before November 5, 2009. [rec. doc. 13]. When that Report was not submitted, on January 29, 2010, this court issued a Notice of Failure to Comply, requiring the Rule 26(f) Report to be jointly submitted to Chambers of the undersigned within ten (10) days of the receipt of the Notice. Counsel were notified that a failure to comply with that order would warrant the imposition of the sanctions authorized by F.R.Civ.P. 16(f). [rec. doc. 16].

On February 1, 2010, plaintiff's counsel, Larocca, emailed a proposed 26(f) Report to the offices of the undersigned. However, the Report was not signed by then defense counsel Leblanc, as required by the Scheduling Order. Accordingly, Larocca and Deblanc were Ordered to appear before the undersigned Magistrate Judge on April 5,

2010 at 10:00 a.m. in Courtroom No. 6, to show cause why sanctions should not be imposed against them for failing to comply with this Court's Orders pursuant to F.R.Civ.P. 16(f). The Order provided that if the Report was filed before the hearing, the hearing would be automatically cancelled. [rec. doc. 17].

Neither counsel appeared for the hearing, and, at the time of the scheduled hearing, the Rule 26(f) Report mandated by the Scheduling Order had not been jointly submitted.[1] A Sanction Hearing was therefore set for April 20, 2010. [rec. doc. 18]. However, on LaRocca's Motion, the Sanction Hearing was reset for May 12, 2010. [rec. docs. 19 and 23].

At the hearing, Larocca presented evidence of his numerous and repeated efforts to obtain Deblanc's submissions so that the Report could be jointly filed in accordance with this Court's original and extended deadlines. *See* Larocca 1, *en globo*. However, when those efforts failed, Larocca attempted to submit the Report to the undersigned solely on behalf of his client. That Report was not accepted by the court as it was not a joint submission. Larocca also explained that he did not attend the April 5, 2010 hearing because, although he received an email of the Court's order setting the hearing for April 5, 2010, he relied on this court's CM/ECF docket sheet, which, due to a typographical error, incorrectly stated that the hearing was set for April 6, 2010.

Deblanc provided this court with no evidence or any reason or justification for his failure to provide Larocca with the required information to properly submit the Report,

---

[1] The Report was emailed to chambers at 3:48 p.m. on April 5, 2010, and was Ordered filed in the record on April 10, 2010. [rec. doc. 21].

2

despite Larocca's repeated requests.  Instead, Deblanc stated only that he could not respond without reviewing his file, which he did not possess at the time of the hearing. Deblanc further provided this court with no explanation or justification for his failure to attend the April 5, 2010 hearing.  It is clear that Deblanc was aware of the hearing because, on the morning of the hearing, Deblanc telephoned the offices of the undersigned to advise that he was not able to attend.

## LAW AND ANALYSIS

All parties have the responsibility to comply with orders of the court.  Failure to do so shall be considered cause for sanctions.  These sanctions are both necessary and warranted to control this court's docket and maintain the orderly administration of justice. *See* F.R.C.P. 16(f)[2]; *Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *John v. State of Louisiana,* 899 F.2d 1441 (5th Cir. 1990)*; Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

The purpose of Rule 16(f) is to "encourage forceful judicial management" of litigation, as well as to improve the quality of the trial through more thorough preparation, prejudice resulting from a party's noncompliance with the rules need not be shown.  *John*,

---

[2]Rule 16(f)(1) provides in pertinent part as follows:
> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney:
>> (A) fails to appear at a scheduling or other pretrial conference;
>> (B) is substantially unprepared to participate - - or does not participate in good faith - - in the conference; or
>> (C) fails to obey a scheduling or other pretrial order.

3

899 F.2d at 1448 *citing* Advisory Committee on Rules, Notes to 1983 Amendment; Rules 16(a)(2) and 16(a)(4). Rule 16(f) gives the court wide authority to impose effective sanctions, including monetary sanctions and attorneys fees if it is determined that sanctions are appropriate. *Id.*

In the instant case, Larocca's conduct does not warrant the imposition of sanctions. It is clear that Larocca made reasonable efforts to comply with this court's Orders. Moreover, Larocca provided this court with a rational explanation as to why he failed to appear before the undersigned Magistrate Judge on April 5, 2010.

Deblanc's conduct , on the other hand, warrants the imposition of sanctions. The record discloses a clear pattern of delay caused by Mr. Deblanc's conduct, as well as a history of disobedience by Deblanc to this Court's Orders. It is clear that Deblanc repeatedly failed to provide Larocca the information necessary to prepare the Report as required by this court's Orders prior to the original and extended deadlines for submission of the Report. Accordingly;

**IT IS RECOMMENDED** that, within ten (10) days of the adoption of this recommendation, former defense counsel, Michael John Deblanc, Jr., **shall pay the sum of $750.00** to the Clerk of this Court**,** said sum representing sanctions imposed by this Court pursuant to F.R.C.P. 16(f) for plaintiff's failure to comply with Orders of this Court regarding the proper and timely submission of the Rule 26(f) Report.

**IT IS FURTHER RECOMMENDED** that no sanctions be imposed against plaintiff's counsel, Nicholas F. Larocca, Jr.

4

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 13th day of May, 2010, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

5